# United States District Court
# Central District of California

| | |
|---|---|
| NOLAN MILLER INCORPORATION, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN SCOTT HEES, an individual; and DOES 1 through 10, inclusive., <br><br> Defendants. | Case No. 2:17-cv-07355-ODW(PLA) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [42]; DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT [50]** |

## I.    INTRODUCTION

This case arises out of an employment/contractor relationship gone bad between Plaintiff Nolan Miller Incorporation and Defendant Kevin Scott Hees.  Hees, a photographer, was hired by Plaintiff, a fashion company, to take photographs of Plaintiff's products for use in marketing and advertising.  After Hees stopped working for Plaintiff, he allegedly gained access to Plaintiff's website, accessed and then deleted a large amount of content and photographs, not all of which were taken by Hees.  Hees claims that the contract was unconscionable because it did not compensate him for his photography services.

Hees refused to participate in discovery, and Plaintiff moved to compel Hees to deposit all photographs Hees took on Plaintiff's behalf with an escrow company to be held there until the completion of this case.  The Court granted Plaintiff's Motion, but

Hees never complied with the Order—either by producing the photographs or submitting a declaration explaining that he did not have them—so the Court struck his answer and entered default. (ECF No. 39.) Additionally, Hees never paid $100 in sanctions which the Court ordered against him. (ECF No. 35.)

Pending before the Court are (1) Plaintiff's Application for Default Judgment and (2) Hees' Motion to Set Aside Default. (ECF Nos. 42, 50.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Application (Mot. Def. J., ECF No. 42) and **DENIES** Hees' Motion (ECF No. 50).

## II. BACKGROUND

Plaintiff owns all rights in the Mark Zunino brand of high-end women's dresses. (Compl. ¶ 20, ECF No. 1.) Around January 2016, Plaintiff hired Hees as a photographer to take photographs of models wearing Mark Zunino dresses, which would then be uploaded to Plaintiff's website, www.MarkZunino.com, and Plaintiff's social media accounts. (*Id*. ¶ 23.) On September 28, 2016, Plaintiff and Hees entered into a written agreement (the "Written Agreement"), which specifically provided:

> a. WHEREAS, Hees has been hired by NMI for the position of Art Director, with job duties including but not limited to: photography, website maintenance, blog maintenance and online magazine development and maintenance.
> b. [1.1] NMI hereby grants Hees, and Hees hereby accepts, the right to use any ONE (1) image from every photoshoot Hees conducts under the employment of NMI. The image may be used in any way Hees sees fit for any personal or personal business usage conducted by Hees.
> c. [2.1] All photographic images created by Hees for and while employed by NMI shall become the sole, legal property of NMI EXCEPT the one (1) image chosen by Hees for his personal or personal business usage.
> d. [2.2] All photographic images created by Hees for and while employed by NMI will remain the sole, legal property of NMI EXCEPT the one (1) image chosen by Hees for his personal or personal business usage even after the employment relationship has ended or been terminated.
> e. [4.1] "Confidential Information" shall include any

> confidential technical data, trade secret, know-how or other confidential information disclosed by any party hereunder in and form . . . .
>
> f. [4.3] Each party agrees that it will not use Confidential Information of the other for any purpose other than for the performance of the rights and obligations hereunder during the term of this Agreement without the other party's prior written consent. Each party further agrees that Confidential Information of the other shall remain the sole property of the other . . . .

(Compl. ¶ 27.) Hees oversaw numerous photo shoots, at Plaintiff's instruction and expense, with models wearing Plaintiff's dresses, including a beach photoshoot in March 2017, and a desert photo shoot in May 2017. (*Id.* ¶¶ 28–31.) Hees also took photographs for the Mark Zunino Brand Book 2017. (*Id.* ¶¶ 32–33.) Plaintiff registered copyrights for all of the photographs taken for these projects. (*Id.* ¶¶ 29, 31, 33.)

On September 7, 2017, Hees terminated his employment as a photographer and art director for Plaintiff through a text message. (*Id.* ¶ 34.) Then, Hess accessed the administrative login of Plaintiff's website, www.MarkZunino.com, without authorization and deleted content and photographs, including photographs taken by Hees but also photographs that were not taken by Hees. (*Id.* ¶ 35.) On September 8, 2017, Hees sent a takedown notice under the Digital Millennium Copyright Act ("DMCA") to Shopify.com, purporting to own the copyright to a certain photograph appearing on the Mark Zunino website. (*Id.* ¶ 46.) Shopify responded that the takedown notice was insufficient as it did not satisfy all of the requirements under the DMCA. (*Id.* ¶ 48.)

Plaintiff demanded that Hees return all of Plaintiff's photographs, but Hees refused and responded that he would only return the photographs for a sizeable payment. (*Id.* ¶ 38.)

Plaintiff filed its Complaint against Hees on October 6, 2017, alleging claims for copyright infringement, false designation of origin and unfair competition,

conversion, trespass to chattels, breach of contract, and breach of the implied covenant of good faith and fair dealing. Plaintiff seeks damages and equitable relief in the form of an injunction requiring Hees to return the photographs. As compensatory damages, Plaintiff alleges that it would cost no less than $150,000 to re-shoot and edit the photo shoots and another $15,000 to employ a new website designer to re-program and add content to Plaintiff's website. (*Id.* ¶¶ 40–41.)

On October 30, 2017, Hees, appearing pro se, filed what the Court construed as a general denial, in which he claimed he is "not guilty to all complaints."[1] (ECF No. 12.) To date, Hees has not raised any defenses. The Court issued a Self-Representation Order on November 2, 2017, that includes warnings and explanations of various phases of the case, like the discovery and motion process. (ECF No. 16.) The Court also set a scheduling conference to take place on January 22, 2018.

On December 22, 2017, Plaintiff moved to compel Hees to deposit the photographs he took on behalf of Plaintiffs with an escrow company. (ECF No. 21.) When Hees failed to timely oppose the Motion, the Court issued an order continuing the hearing date on the Motion and setting February 5, 2018, as the new deadline for the opposition. (ECF No. 23.) In that order, the Court also warned Plaintiff that any future failure to comply with Court Orders, the local rules, or the Federal Rules of Civil Procedure, may be grounds for sanctions, including entry of default. The Court also encouraged Plaintiff to consult with the pro bono legal clinic and reminded the parties of the January 22 Scheduling Conference and the requirement to submit a Rule 26(f) report. The order also specified that "[f]ailure to abide by the Rule 26(f) conference requirements may result in the imposition of sanctions."

On January 12, 2018, Hees opposed Plaintiff's Motion. (ECF No. 24.) At the hearing on February 26, 2018, Hees appeared, but was disrespectful and interrupted the Court at least two times. As a result, the Court ended the hearing and granted

---

[1] While Plaintiff now claims that Hees' "answer" did not conform to the Federal Rules of Civil Procedure, Plaintiff never moved to dismiss or strike Hees' answer before the Court struck it as a sanction. (*See* Mot. Def. J. 8 n.2.)

Plaintiff's Motion. (ECF No. 34.) On February 28, 2018, the Court sanctioned Hees $100 for failing to participate in the Rule 26(f) conference. (ECF No. 35.) Hees never paid the sanction or complied with the Court's order granting Plaintiff's Motion to Compel. As a result, the Court struck Hees' pleadings and entered default against him. (ECF Nos. 39, 40.)

Plaintiff brought the instant motion for default judgment on April 16, 2018. (Mot. Def. J., ECF No. 42.) In the Motion, Plaintiff claims that since the February hearing, Hees has committed further violations of Plaintiff's copyrights by publishing photographs he took of Plaintiff's products on his social media accounts. (Mot. 7.) Additionally, Hees edited the photos to include Hees's own registered trademarks, falsely indicating that Hees, rather than Plaintiff, is the source of the goods and services depicted therein. (*Id*.) On March 15, 2018, Hees posted on social media a number of photographs he took on Plaintiff's behalf and declared that notwithstanding Plaintiff's representatives informing him that he could not post on social media any of the work he completed for Plaintiff, Hees would continue doing so. (*Id*.) The Court held a hearing on Plaintiff's Motion on April 30, 2018. (ECF No. 42.) Both parties appeared and presented arguments.

On May 1, 2018, Hees moved to set aside the default entered against him. (ECF No. 50.) After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## III.    LEGAL STANDARD

### A.    Motion to Set Aside Default

A court may set aside an entry of default or a default judgment where the moving party establishes a proper ground for relief under the applicable Federal Rule of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Pursuant to Federal Rule of Civil Procedure 60(b), by contrast, a court may set aside a final judgment only under

specific conditions, including a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

The Ninth Circuit utilizes the same three-factor test to determine good cause under Rule 55(c) as it does for setting aside a final judgment under Rule 60(b). *Yagman v. Galipo*, No. CV 12-7908, 2013 WL 1287409, at *8 (C.D. Cal. Mar. 25, 2013); *see Haw. Carpenters' Trust Funds*, 794 F.2d at 513. The Court may deny a motion to set aside an entry of default if the moving party fails to satisfy any one of the following factors: (1) the moving party's own culpable conduct led to the default; (2) the nonmoving party would be prejudiced by setting aside the default; or (3) the moving party has no meritorious defense. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), overruled in part on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000); *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

**B.    Motion for Default Judgment**

Before the Court can award a default judgment, the requesting party must satisfy the procedural requirements established under the Local Rules of this district and Rule 55 of the Federal Rules of Civil Procedure. *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). Central District of California Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against whom default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, an incompetent person, or exempt under the Servicemembers' Civil Relief Act; and (4) that the defaulting party was served with notice, if required by Fed. R. Civ. P. 55(b)(2). *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014); C.D. Cal. Local Rule 55-1.

If these procedural requirements are satisfied, a district court has discretion to grant a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In

exercising its discretion, a court must consider several factors (the "*Eitel* Factors"): (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, upon entry of default, the defendant's liability is conclusively established, and the Court accepts the well-pleaded factual allegations in the complaint as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

### A. Hees' Motion to Set Aside Default

In support of his Motion, Hees provides only the following explanation:

> Plaintiff took possession of and used (commercially) work completed and paid for by Defendant from Nov. 1, 2015 to Oct. 9, 2016 to promote Plaintiff's brand and Plaintiff never paid for work. Plaintiff took possession of and used (commercially) work completed and paid for by the Defendant from Oct. 10, 2016 to currently [sic] to promote Plaintiff's brand. Defendant was coerced into signing a one-sided agreement against the Defendant's will. The work has not been paid for by the Plaintiff to the Defendant.

(ECF No. 50 at 2.) Instead of addressing any of the factors relevant to whether he should be excused from the default entered against him, Hees' explanation relates only to the merits of the case. Therefore, the Court finds that Hees has not met his burden to establish that good cause exists to set aside the default.

Additionally, Hees' own conduct led to the entry of default against him. He repeatedly failed to comply with the Court's orders, despite multiple warnings that doing so would result in the imposition of sanctions. The Court **DENIES** Hee's Motion. (ECF No. 50.)

**B.** **Plaintiff's Motion for Default Judgment**

    *1.* *Procedural Requirements*

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Rule 55(a) and Local Rules 55-1 and 55-2. Plaintiff served Hees with the complaint and summons on October 10, 2017. (ECF No. 11.) The Clerk entered default against Hees on March 20, 2018. (ECF No. 40.) In support of its Motion, Plaintiff submitted a declaration from its attorney, Jeffrey Kobulnick, stating that Hees is not an infant, is not incompetent, and is not in military service or otherwise exempted from the Soldiers' and Sailors' Civil Relief Act of 1940. (Decl. of Jeffrey A. Kobulnick ("Kobulnick Decl.") ¶ 5, ECF No. 43.) Plaintiff served its Motion and the accompanying declarations and exhibits on Hees by mail and e-mail. (*Id.* ¶ 10.) As discussed below, Plaintiff seeks damages in excess of those pleaded in the Complaint, in violation of Rule 54(c), so the Court analyzes damages separately. Plaintiff has complied with all other procedural requirements for the entry of default judgment.

    *2.* *Eitel Factors*

    **(a)** **Possibility of Prejudice to Plaintiff**

With respect to the first *Eitel* factor, Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without order recourse for recovery. Hees has consistently refused to participate in the discovery process. Therefore, this factor weighs in favor of entry of default judgment.

    **(b)** **Substantive Merits and Sufficiency of the Complaint**

The second two *Eitel* factors require that a "plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. In order to weigh these two factors, the Court must review each of Plaintiff's claims.

<u>Copyright Infringement (17 U.S.C. § 501)</u>

To prevail on its claim for copyright infringement, Plaintiff must establish that Defendant violated an exclusive right of the copyright owner as provided by 17 U.S.C. § 106. Plaintiff asserts its exclusive right of reproduction and distribution of the subject photographs was violated by Hees pursuant to 17 U.S.C. § 501(a).

Plaintiff alleges that Plaintiff is the registered copyright owner of at least three separate collective works (the Beach photoshoot, the Desert photoshoot, and the Mark Zunino Brand Book 2017), each of which contains numerous photographs taken from the same photoshoots, all of which are Plaintiff's sole legal property. (Compl. ¶¶ 28–33, Exs. 1–3.) Plaintiff further alleges that Hees has reproduced and distributed these photographs online for his own benefit, without Plaintiff's consent, and in violation of the parties' Contract concerning the ownership of such photographs. (*Id.* ¶¶ 52, 59–65, Exs. 4–7.) Plaintiff established that Hees violated its copyright at least twenty times by posting subject photographs (in excess of the amount allowed by the Contract) to his own social media sites. (Decl. of Mark Zunino ("Zunino Decl.") ¶¶ 19–22, Exs. 4–15, ECF No. 44.) Such allegations set forth the elements necessary to satisfy Plaintiff's copyright infringement cause of action.

<u>Digital Millennium Copyright Act (17 U.S.C. § 1202)</u>

Section 1202(a) provides that "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." Section 1202(c) defines "copyright management" to include (1) the title and other information identifying the work, including the information set forth on a notice of copyright, (2) the name of, and other identifying information about, the author of a work, and (3) the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of a copyright.

Plaintiff alleges that Hees violated the DMCA by "intentionally providing, distributing and displaying copyright management information that is false for many photographs that [Hees] knew that Plaintiff owns copyrights." (Compl. ¶ 67.) Plaintiff further alleges that Hees published the photographs in a manner that represents to the public that he owns the copyright to these photographs. (*Id.* ¶ 53.) For other photographs, Hees added variations of his registered HEES trademarks. (*Id.* ¶ 54, Ex. 8.) The photographs attached to the Complaint confirm that Hees posted some of the photographs with the HEES mark affixed to them and posted some without any attribution to Plaintiff's brand or copyright. (*See, e.g.*, Compl. Exs. 4, 8.) These allegations are sufficient to state a claim for a violation of the DMCA.

<u>False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))</u>

Section 1125(a) of the Lanham Act prohibits the use of any trademark in a manner that is likely to confuse or mislead consumers as to the source of sponsorship of goods or services. 15 U.S.C. § 1125(a). To prove a claim under this statute, Plaintiff must show: (1) it has a valid, protectable trademark, and (2) that defendant's use of the mark is likely to cause confusion. *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890 897–98 (C.D. Cal. 2014) (outlining the elements for § 1114 and finding that a claim under § 1125 "requires proof of the same elements as . . . [§ 1114].""). Plaintiff alleges that by reason of Hees' posting Plaintiff's photographs on social media emblazoned with Hees' own trademark, without Plaintiff's consent, Hees is likely to confuse or mislead consumers as to the source or sponsorship of the goods and services reflected in Plaintiff's photographs. (Compl. ¶¶ 70–78.) However, Plaintiff has not alleged that it owns a valid, protectable trademark in the contents of the photographs.

Accordingly, the Court concludes that Plaintiff has failed to adequately plead a claim for false designation of origin and unfair competition. Plaintiff is therefore not entitled to default judgment on this claim.

<u>Unfair Competition (Cal. Bus. & Prof. Code § 17200)</u>

Section 17200 of the California Business and Professions Code prohibits unfair and fraudulent business practices. Plaintiff alleges that by reason of Hees's posting of Plaintiff's photographs on social media emblazoned with Hees's own trademark, without Plaintiff's consent, Hees violated both the "unfair" and "fraudulent" prongs of the UCL. (Compl. ¶¶ 79–89; Mot. Def. J. 12.) As Plaintiff explains in its Application for Default Judgment, its Unfair Competition claim is based on the same facts as its claim under 15 U.S.C. § 1125. Therefore, the Court finds that this claim is derivative of Plaintiff's § 1125 claim.

Because Plaintiff has failed to adequately plead a claim under § 1125, the Court also finds that Plaintiff's unfair competition claim must fail. Plaintiff is not entitled to default judgment on this claim.

<u>Conversion</u>

"The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (citing *Oakdale Vill. Grp. v. Fong*, 43 Cal. App. 4th 539, 543–44 (1996)). Plaintiff alleges that (1) Plaintiff owns certain photographs, (2) Hees deleted those photographs from Plaintiff's website without Plaintiff's consent, and refuses to return them to Plaintiff, and (3) Plaintiff has been harmed as a result. (Compl. ¶¶ 90–95.) Plaintiff has adequately pleaded a claim for conversion.

<u>Trespass to Chattels</u>

In order to prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1069–70 (N.D. Cal. 2000).

Plaintiff alleges that it owns the website, www.MarkZunino.com, and that Hees intentionally and substantially interfered with Plaintiff's website by deleting a significant portion of the content thereon, without Plaintiff's consent. (Compl. ¶¶ 96–102.) These allegations are sufficient to state a claim for trespass to chattels.

Unauthorized Access to Computers, Computer Systems and Computer Data (Cal. Penal Code § 502(e))

Section 502(c)(1) of the California Penal Code prohibits the knowing alteration or deletion of the computer data of another person in order to either (a) defraud, deceive, or extort, or (b) wrongfully control or obtain money, property, or data. Section 502(e)(1) authorizes the bringing of a civil cause of action for compensatory damages and injunctive relief by any person who has been damaged by reason of violation Section 502(c).

Plaintiff alleges that Hees knowingly altered and deleted a significant portion of Plaintiff's website content in order to both extort money from Plaintiff and to wrongfully control said content by deletion. (Compl. ¶¶ 103–16.) Plaintiff has adequately pleaded a claim under Cal. Penal Code § 502(e).

Intentional Interference with Prospective Economic Relations

The elements of the tort of intentional interference with prospective economic advantage are:

> (1) An economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). To state a claim for intentional interference, the plaintiff must plead that the defendant's conduct was "wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995).

Plaintiff alleges that (1) it had prospective economic relations with certain clients, including an upcoming business trip to New York, which contained the reasonable probability of future economic benefit to Plaintiff, (2) Hees had actual knowledge of these prospective economic relations, (3) Hees intentionally timed his deletion of Plaintiff's website content and monetary demand to interfere with those economic relations, (4) Hees's acts did cause disruption to those economic relations, and (5) Plaintiff was harmed as a result. (Compl. ¶¶ 117–22.)

Plaintiff has sufficiently pled the elements necessary to state a claim for intentional interference with prospective economic relations.

Negligent Interference with Prospective Economic Relations

The tort of negligent interference with prospective economic advantage is established where a plaintiff demonstrates that

> (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff, (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its action would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship, (3) the defendant was negligent, and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefit or advantage reasonably expected from the relationship.

*Verhaus v. Shultz*, 155 Cal. App. 4th 1072, 1078 (2007). Plaintiff alleges that (1) Plaintiff had prospective economic relationship with clients which contained the reasonable probability of future economic benefits to Plaintiff, (2) Hees had actual knowledge of these prospective economic relations, (3) Hees acted negligently and with disregard to said prospective economic relations, and (4) Hees' acts caused disruption to those prospective economic relations. (Compl. ¶¶ 123–28.) Plaintiff has adequately pleaded a claim for this cause of action.

## Breach of Contract

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Plaintiff alleges that (1) Plaintiff and Hees entered into a contract, (2) Plaintiff performed under the contract, (3) Hees breached the contract by using more than one photograph from each of Plaintiff's various photoshoots for Hees' own use without Plaintiff's consent, and (4) Hees' breaches caused damages to Plaintiff. (Compl. ¶¶ 129–34.) Plaintiff has adequately pleaded a claim for breach of contract.

## Breach of Implied Covenant of Good Faith and Fair Dealing

The elements of a cause of action for breach of the implied covenant of good faith and fair dealing are: (1) plaintiff and defendant entered into a contract, (2) plaintiff performed under the contract, (3) all conditions required for defendant's performance under the contract occurred or were excused, (4) defendant unfairly interfered with plaintiff's right to receive the benefits of the contract, and (5) the plaintiff was harmed by the defendant's conduct. Judicial Council of California, Civil Jury Instruction 325 (West 2018); *see also Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000).

Plaintiff alleges that (1) Plaintiff and Hees entered into a contract, (2) Plaintiff performed under the contract, (3) all conditions required for Hees' performance under the contract occurred or were excused, (4) Hees unfairly interfered with Plaintiff's right to receive the benefits of the contract by using Plaintiff's time and resources to pursue wholly personal projects during Plaintiff's photoshoots, and taking photographs of Plaintiff's models for Hees' personal projects, without Plaintiff's consent, and (5) Plaintiff was harmed as a result. (Compl. ¶¶ 55–57, 135–40.) Plaintiff has sufficiently pled the elements necessary to state a claim for this cause of action.

<u>Breach of Fiduciary Duty of Loyalty</u>

Under California law, an employer may expect the undivided loyalty of its employees. *See Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410 (2007). The elements of this claim are (1) the existence of a relationship giving rise to a duty of loyalty, (2) one or more breaches of that duty, and (3) damage proximately caused by that breach. *In re Brocade Commc'ns Sys., Inc. v. Derivative Litig.*, 615 F. Supp. 2d 1018, 1050 (N.D. Cal. 2009). "The duty of loyalty is 'breached, and may give rise to a cause of action in the employer, when [an] employee takes action which is inimical to the best interests of the employer.'" *Id.* (quoting *Stokes v. Dole Nut Co.*, 41 Cal. App. 4th 285, 295 (1995)).

Plaintiff alleges that (1) Hees owed Plaintiff an undivided duty of loyalty by reason of his employment with Plaintiff, (2) Hees breached his duty of loyalty by using Plaintiff's time and resources to pursue personal projects and taking photographs of Plaintiff's models for Hees' personal campaign without Plaintiff's consent, and (3) Plaintiff was harmed as a result. Plaintiff has adequately pleaded a claim for this cause of action.

### (c) **Sum of Money at Stake**

The Court "must consider the amount of money at stake in relation to the seriousness of Defendants' conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. In doing so, the Court must "assess whether the recovery sought is proportional to the harm caused by [a] defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010).

Plaintiff seeks $3,000,000 in statutory damages plus $515,000 in compensatory damages. Plaintiff also requests an award for attorneys' fees. As discussed further below, these amounts are excessive. Because it is the Court's obligation to assess the appropriate amount of damages, the Court finds that the amount actually awarded, $15,000 in statutory damages and $165,000 in compensatory damages, is reasonable

and weighs in favor of entry of default judgment.

### (d) Possibility of Dispute Concerning Material Facts

Although Hees has attempted to argue that the Written Agreement is unconscionable and that Plaintiff owes him money for services rendered and goods provided, he has not raised any affirmative defenses or counterclaims, which he would need to do in order to obtain the relief he seeks. Hees has repeatedly ignored Court orders and has refused to seek out legal counsel or even some guidance from the pro se legal clinic, so the Court believes it is unlikely that Hees would be able to successfully raise these claims in the future. As a result, the validity of the Written Agreement has not been challenged. Therefore, this factor weighs in favor of granting default judgment.

### (e) Excusable Neglect

The entry of default against Hees was not due to excusable neglect. Hees has known about the entry of default since March 2018. Although he moved to set aside the default, his motion came over a month after the default was entered and after the Court had already held a hearing on Plaintiff's Motion for Default Judgment. Additionally, Hees' Motion to Set Aside the Default is bare bones and contains little to no argument or explanation as to why the Court should reconsider its entry of default against him. This factor weighs in favor of granting default judgment.

### (f) Strong Policy of Favoring Decisions on the Merits

Hees' failure to meaningfully participate in this litigation and follow the Court's orders or the rules of procedure makes a decision on the merits "impractical if not impossible." *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Therefore, this factor weighs in favor of granting default judgment.

### 3.   *Damages*

#### (a)  Statutory Damages

Section 504 of the Copyright Act provides that a "copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work."  17 U.S.C. § 504(c)(1).  A court, in its discretion, can award not less than $750 but not more than $30,000 per copyright infringed.  Enhanced damages of up to $150,000 per copyright infringed may be granted on a finding of willful infringement.  "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Plaintiff seeks an award of statutory damages of $150,000 for each of the twenty established copyright infringements.  The Court finds that amount excessive, given that Hees is an individual and has claimed to not have enough money to hire an attorney in this case.   Additionally, Plaintiff has not established that Hees has experienced any financial gain from his publishing of the subject photographs.

Therefore, Court awards $750 for each infringement, for a total statutory damages award of $15,000.  These damages serve the purpose of deterrence and punishment for willful infringement in this case.

#### (b)  Compensatory Damages

In the Complaint, Plaintiff estimated that the value of the photographs Hees deleted from Plaintiff's website was $150,000.  Now, Plaintiff seeks an award of $500,000 for these photographs, relying on a statement from Hees, where he said that it would cost at least $500,000 for Plaintiff to re-shoot and edit all of the photographs taken from 36 different photoshoots.  (Mot. Def. J. 20.)  Plaintiff also seeks $15,000 to employ a new website designer to re-program and add content to Plaintiff's website that would be comparable to the website's former condition.  (*Id.*; Compl. ¶ 41.)

Pursuant to Rule 54(c) a default judgment may not differ in kind from, or exceed in amount, what is demanded in the pleadings. Even so, Plaintiff is now seeking damages in excess of what it alleged in its Complaint. Plaintiff may not recover on default judgment anything in excess of the amount of compensatory damages alleged in the complaint, $165,000 ($150,000 for the value of the photographs + $15,000 to re-program the website). Therefore, the Court awards Plaintiff $165,000 in compensatory damages.

### (c) Attorneys' Fees

Plaintiff requests attorneys' fees and costs in the amount of $74,790.65 as the prevailing party. (Mot. Def. J. 20.) Plaintiff calculated this amount pursuant to the fee schedule in Local Rule 55-3, assuming the amount of damages would be over $3,000,000.

The Court approves of using the schedule in Local Rule 55-3. Since the total amount of damages is $180,000, the corresponding amount of attorneys' fees is $7,200.

### 4. *Injunctive Relief*

Plaintiff asks the Court to (1) prohibit Hees from distributing any more of Plaintiff's photographs and other materials, (2) order Hees to return all photographs and materials to Plaintiff, and (3) order third parties who are in a position to ensure Hees' compliance with the Court's order to take reasonable steps to do so. (Mot. Def. J. 23.) "According to well-established principles of equity," a plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Court finds that injunctive relief is not appropriate in this instance, because Plaintiff will be made whole through monetary damages. Therefore, the Court **DENIES** Plaintiff's request for injunctive relief.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Hees' Motion to Set Aside Default.  (ECF No. 50.)  Additionally, the Court **GRANTS** Plaintiff's Application for Default Judgment as to liability on the following causes of action:  Copyright Infringement (17 U.S.C. § 501); Digital Millennium Copyright Act (17 U.S.C. § 1202); Conversion; Trespass to Chattels; Unauthorized Access to Computers, Computer Systems, and Computer Data (Cal. Penal Code § 502(e)); Intentional Interference with Prospective Economic Relations; Negligent Interference with Prospective Economic Relations; Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; and Breach of Fiduciary Duty of Loyalty.  (ECF No. 42.)  The Court **DENIES** Plaintiff's Motion on its claims for False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a)) and Unfair Competition (Cal. Bus. & Prof. Code § 17200).  (ECF No. 42.)  The Court awards Plaintiff $180,000 in damages ($15,000 in statutory damages and $165,000 in compensatory damages) and $7,200 in attorneys' fees.  The Court **DENIES** Plaintiff's request for injunctive relief.

The Court **ORDERS** Plaintiff to submit a proposed judgment consistent with this order no later than **July 25, 2018**.

**IT IS SO ORDERED.**

July 20, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**