# United States District Court
# Central District of California

| | |
|---|---|
| NOLAN MILLER INCORPORATION, a California corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>KEVIN SCOTT HEES, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:17-cv-7355-ODW (PLAx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [75]** |

## I.    INTRODUCTION

This matter comes before the Court on Defendant's Motion for Reconsideration ("Motion") of the Court's July 25, 2018 Entry of Default Judgment Against Defendant Kevin Scott Hees ("Judgment").    After reviewing the materials submitted by the parties in connection with the Motion, the Court **DENIES** Defendant's Motion.[1] (Mot., ECF No. 75.)

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

The Court addressed the facts and background of this case at length in the Order Granting In Part and Denying In Part Plaintiff's Application for Default Judgment ("Order Granting Default Judgment") and incorporates that discussion herein by reference.  (ECF No. 69.)

Plaintiff Nolan Miller Incorporation ("Plaintiff") owns all rights in the Mark Zunino brand of high-end women's dresses.  (Compl. ¶ 20, ECF No. 1.)  Defendant Kevin Scott Hees ("Defendant") is a photographer, who was hired by Plaintiff, a fashion company, around January 2016, to take photographs of Plaintiff's products for use in marketing and advertising.  (*Id.* ¶ 23.)  On or about September 28, 2016, Plaintiff and Defendant entered into a written agreement ("Agreement"), where Defendant was hired as an Art Director and was granted the right to use "any ONE (1) image from every photoshoot."  (*Id.* ¶ 27.)  The Agreement also provided that all other photographic images created by Defendant are the "sole, legal property" of Plaintiff even "after the employment relationship has ended or been terminated."  (*Id.*)

On September 7, 2017, Defendant terminated his employment through a text message.  (*Id.* ¶ 34.)  Subsequently, Defendant gained access to Plaintiff's website, deleting content without authorization.  (*Id.* ¶ 35.)  Defendant's deletions included the work he provided.  (*Id.*)  Plaintiff demanded that Defendant return all of Plaintiff's photographs, but Defendant refused and responded that he would only return the photographs for a sizeable payment.  (*Id*. ¶ 38.)

On October 6, 2017, Plaintiff filed its Complaint against Defendant, alleging claims for copyright infringement, false designation of origin and unfair competition, conversion, trespass to chattels, breach of contract, and breach of the implied covenant of good faith and fair dealing.  Plaintiff sought damages and an injunction requiring Defendant to return the photographs.  As compensatory damages, Plaintiff alleged at least $150,000 would be required to re-shoot and edit the photographs and $15,000 would be required to employ a new website designer for Plaintiff.  (*Id.* ¶¶ 40–41.)

On October 30, 2017, Defendant, appearing pro se, filed what the Court construed as a general denial, in which he claimed he is "not guilty to all complaints." (ECF No. 12.)  On November 7, 2017, the Court issued a Self-Representation Order, including warnings and explanations of various phases of the case.  (ECF No. 16.)

On December 22, 2017, Plaintiff moved to compel Defendant to deposit the photographs he took on behalf of Plaintiffs with an escrow company.  (ECF No. 21.) Defendant failed to timely oppose Plaintiff's motion, so the Court issued an Order Continuing the Hearing Date on the Motion and setting February 5, 2018 as the new date for Defendant's opposition.  (ECF No. 23.)  The Court warned that future failure to comply with Court Orders, the local rules, or the Federal Rules of Civil Procedure may be grounds for sanctions, including the entry of default.  (*Id.*)

On January 12, 2018, Defendant opposed Plaintiff's Motion to deposit the photographs with an escrow company.  (ECF No. 24.)  Defendant appeared at the hearing on February 26, 2018, but interrupted the Court multiple times, and was asked to leave the courtroom due to his outbursts towards the Court.  (ECF No. 34.)  As a result, the Court ended the hearing and granted Plaintiff's motion.  (*Id.*)  Defendant did not comply with the Court's Order, either by producing the photographs or submitting a declaration explaining that he did not have them.  On February 28, 2018, the Court ordered $100 in sanctions against Defendant for failing to participate in the Rule 26(f) conference, but Defendant never paid the sanction.   (ECF No. 35.) Accordingly, the Court struck his answer and entered default.  (ECF No. 39.)

On April 16, 2018, Plaintiff moved for entry of default judgment.   (Mot. Default J., ECF No. 42.)   Plaintiff claimed that Defendant continued to violate Plaintiff's copyrights by publishing photographs he took of Plaintiff's products on his social media accounts.  (*Id.* at 7.)  Defendant had edited the photographs to include Defendant's own registered trademarks.  (*Id.*)  On March 15, 2018, Defendant posted photographs he took on social media and declared that regardless of being ordered not to post the images, he would continue to do so.  (*Id.*)

On May 1, Defendant moved to set aside the default entered against him. (ECF No. 50.) Addressing the motions together, the Court denied Defendant's motion to set aside default, granted in part Plaintiff's motion for default judgment, and awarded Plaintiff $180,000 in damages and $7,200 in attorneys' fees. (Order Granting Default J. 20.) Judgment against Defendant was entered on July 25, 2018. (Judgment, ECF No. 73.)

Pending before the Court is Defendant's Motion for Reconsideration. As Defendant is pro se and does not specify the legal authority under which he moves, the Court construes Defendant's Motion as a Motion for Reconsideration of the Court's Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7-18, and as a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).[2] Plaintiff opposes Defendant's Motion for procedural and substantive reasons. (ECF No. 81.) For the reasons that follow, the Court **DENIES** Defendant's Motion.

## III. LEGAL STANDARD

### A. Rule 60(b)

Federal Rule of Civil Procedure ("FRCP") 60(b) provides for reconsideration only upon a showing of

> (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) a judgment is void; (5) the judgment has been satisfied, released, or discharge . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[2] Defendant also filed a Supplemental Filing In Support of Motion (ECF No. 79), a Supplemental Amendment 2 (ECF No. 82), a Reply to Plaintiff's Opposition (ECF No. 83), and a Supplemental Amendment 3 to Motion (ECF No. 85).

## B.  Local Rule 7-18

Local Rule 7-18 places additional limitations on motions for reconsideration, and prohibits a movant from "repeat[ing] any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7-18. Further, a party may move for reconsideration only where the party demonstrates:

> (a)  a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b)  the emergence of any new material facts or a change of law occurring after the time of such decision, or
> (c)  a manifest showing of a failure to consider material facts presented to the Court before such decision.

*Id.* Displeasure with the outcome alone is insufficient; unless the moving party shows that one factor exists, the Court will not grant a reconsideration. *See McMichael v. United States Filter Corp.*, No. EDCV 99-182VAP (MCX) (Consol.), 2001 WL 418981, at *17 (C.D. Cal. Apr. 17, 2001).

"Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007). "A mere attempt by the moving party to reargue its position by directing this Court to additional case law and arguments which it clearly could have made earlier, but did not is not the purpose of motions for reconsideration under Local Rule 7-18." *Duarte v. J.P. Morgan Chase Bank*, No. CV 13-1105-GHK (MANx), 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014) (alterations omitted) (citing *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1040, 1057 (C.D. Cal 1999)).

## C.  Rule 59(e)

A motion to amend or alter a judgment under Rule 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or

(3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). A court may disregard "legal arguments made for the first time on a motion to amend . . . and a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming they constitute newly discovered evidence unless they were previously unavailable." *Id.* (internal quotation marks omitted).

## IV.   DISCUSSION

Defendant moves for reconsideration, but fails to address the factors necessary to warrant reconsideration under Rule 60(b), Local Rule 7-18, or Rule 59(e). Defendant frames his argument around alleged "inaccuracies" in the Judgment and merely reiterates arguments previously considered and dismissed by the Court.

Defendant has demonstrated no grounds for reconsideration under FRCP 60(b). He fails to identify mistake, surprise, or excusable neglect. Similarly, Defendant fails to identify any newly discovered evidence that would warrant reconsideration. He points to nothing that suggests the existence of fraud, a void judgment, or a satisfied or discharged judgment. Finally, there are no extraordinary circumstances which would justify relief from judgment. Defendant also has not addressed any of the factors enumerated under the Local Rules. As such, the Motion also fails under Local Rule 7-18.

Recognizing Defendant's pro se status and notwithstanding the untimeliness of the Motion,[3] the Court also considers Defendant's Motion in accordance with FRCP 59(e). Defendant alleges various inaccuracies in the judgment, including that he was hired as an art director rather than a photographer. (Mem. of P. & A. 11, 16, ECF

---

[3] FRCP 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court entered judgment on July 25, 2018, and Defendant moved for reconsideration on September 19, 2018, fifty-six (56) days later, well beyond the time for a Rule 59(e) motion. However, in light of Defendant's pro se status and as discussed herein, the Court considers Defendant's motion nonetheless.

No. 76.[4])   Additionally, Defendant attempts to characterize the statement, "HEES stopped working and removed photographs," as an inaccuracy but, instead of refuting it, he merely explains that he "stopped working when he hadn't been paid . . . Defendant has a right to reclaim his copyrighted unpaid work."  (*Id*. at 16-17.) Defendant is essentially attempting to relitigate his claims, which is improper on a motion to alter the judgment.  The Court previously considered and rejected all of Defendant's arguments in the Order Granting Default Judgment.  (*See* Order Granting Default J. 8–15.)

Despite filing his Motion, a supplement to his Motion, a supplemental amendment 2, a reply, and a supplemental amendment 3, Defendant fails to address the core issue: Defendant's own conduct led to the entry of default judgment against him.  He repeatedly failed to comply with the Court's orders, despite numerous warnings from the Court that repeated failure would result in the imposition of sanctions.  Defendant refused to participate in the Rule 26(f) Conference, refused to pay sanctions relating to his failure to participate in the conference as ordered, continued to publish Plaintiff's copyrighted photographs on his social media accounts, and refused to upload photographs with the escrow company as ordered.  (Order Granting Default J. 7;  Mem. of P. & A. 5.)  Defendant also does not address any of the reasons why the Court granted the motion for default judgment including, but not limited to the *Eitel* factors and the Court's decision regarding the damages awarded. (*See* Order Granting Default J. 8–18.)

The Court understands that navigating the legal system as a pro se litigant can be challenging.  Nonetheless, the Court advised Defendant on several occasions that he is responsible for abiding by all rules and procedures required under the law and local rules.  (*See, e.g.*, Self-Representation Order.)  Defendant's obligation to abide by

---

[4] The pages in Defendant's Memorandum are not enumerated; pages cited refer to the ECF docket pagination.

this Court's rules and procedures is not diminished merely because he appears pro se. C.D. Cal. L.R. 1-3.

Defendant fails to address any of the factors necessary for the Court to alter the judgment or reconsider its entry. While Defendant disagrees with the Court's decisions, disagreement with a judgment is not grounds for a motion for reconsideration. Accordingly, Defendant's Motion for Reconsideration is **DENIED.**

## V.    CONCLUSION

For the reasons discussed above, the Motion for Reconsideration is **DENIED**. (ECF No. 75.)

**IT IS SO ORDERED.**

February 4, 2019

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**